UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA a Minnesota corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>WELLONS GROUP, INC., an Oregon corporation,<br><br>   Defendant. | CAUSE NO.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Travelers Property Casualty Company of America by and through the undersigned attorneys, Rachel Tallon Reynolds and Patrick G. Lynch of Wilson Elser Moskowitz Edelman and Dicker LLP, alleges as follows:

**I.      JURISDICTION**

1.1    Wellons Group, Inc. ("Defendant" or "Insured") is an Oregon corporation with its principal place of business in Vancouver, Washington.

1.2    Travelers Property Casualty Company of America ("Travelers" or "Insurer") is a Minnesota corporation with its principal place of business in Hartford, Connecticut.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1.3 The amount in controversy between the parties, exclusive of interest, fees or costs, is in excess of $75,000.

1.4 The Federal District Court for the Western District of Washington has jurisdiction over this claim pursuant to 28 U.S. Code § 2201 and 28 U.S. Code § 1332.

## II. VENUE

2.1 Venue is proper in the Federal District Court for the Western District of Washington at Seattle pursuant to 28 U.S. Code § 1391 because the Insured has its principal place of business in Vancouver, Washington.

## III. THE CLAIM

3.1 This is an action for declaratory relief, seeking an order from the Federal District Court for the Western District of Washington declaring that Travelers has no duty to defend or indemnify the Insured against a lawsuit filed against it by Tolko Industries, Ltd. in Court of King's Bench of Alberta at Calgary under Court File Number 2401 in Canada on or about March 7, 2024 ("the Claim").

3.2 In the Claim, Plaintiff Tolko Industries, Ltd. ("Tolko") alleges that "On January 18, 2018 … Tolko entered into an agreement with Wellons Canada for the supply and installation of the System at Tolko's Facility (the 'Agreement')." The Claim, Para. 7.

3.3 The Agreement included a performance guarantee, in which "Wellons Canada guaranteed that the System would meet certain minimum thermal outputs … and covenanted to meet minimum performance guarantees." The Claim, Para. 8(e).

3.4 "Wellons Canda agreed to perform all of the work outlined in the Agreement." The Claim, Para. 8(a).

3.5 The contract was paid to Wellons Canada, not the Insured. The Claim, Para. 8(a-i).

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 2

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

3.6 "Wellons Canada agreed to design, engineer, manufacture, fabricate, construct, furnish, procure, and supply the System in accordance with the design requirements and the performance, operational, technical, and other specifications set out in the Agreement."  The Claim, Para. 8(c).

3.7 "Wellons Canada guaranteed that the system would meet certain minimum thermal outputs ("the **Guaranteed Thermal Outputs**") and covenanted to meet minimum performance guarantees (the "**Performance Guarantees**")." (Emphasis in original).

3.8 "In the event that Tolko, acting reasonably, determined that a deficiency could not be rectified by Wellons Canada to meet the Performance Guarantees, Tolko would be entitled to the following specific (but cumulative) rights:

    (i)    to require Wellons Canada to pay the Liquidated Damages;

    (ii)    to terminate the Agreement;

    (iii)    to retain possession and ownership of all or any portion of the Work, free and clear of any claims or encumbrances whatsoever, or require Wellons Canada to remove the System at its sole cost;

    (iv)    to require Wellons Canada to refund all payments received under the Agreement, plus interest at a rate of Royal Bank of Canada's prime rate plus 3%;

    (v)    to recover all damages actually suffered; and

    (vi)    to exercise and enforce any rights under the Parent Guarantee (as defined below)." The Claim, Para. 8(h).

3.9 "[The Insured] unconditionally and irrevocably guaranteed the performance of all obligations of Wellons Canada under the Agreement up to the aggregate amount of $2,000,000 (the '**Parent Guarantee**')." (Emphasis in original). The Claim, Para. 9.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 3

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

3.10     The Claim asserts that the System failed to meet the Performance Guarantee in three ways:

(1)     "The system was unable to consistently operate at 110 MM BTU/Hr." The Claim, Para. 15.

(2)     "The System … experienced oil degradation." The Claim, Para. 15.

(3)     "The System … experienced … plugging issues." The Claim, Para. 15.

3.11     Tolko asserts five causes of action against Wellons Canada:

(1)     Breach of Contract

(2)     Misrepresentation

(3)     Negligence

(4)     Unjust Enrichment

(5)     Breaches of Good Faith and Honest Contractual Performance. The Claim, Paras. 30-42.

3.12     Tolko alleges that it incurred the following damages:

(1)     $26,404,343.29 for monies "paid … under the Agreement."

(2)     Liquidated Damages

(3)     Costs related to purchasing a "supplemental energy system to satisfy Tolko's energy needs."

(4)     $5,000,000 for "(i) lost profits; (ii) costs and expenses incurred by Tolko … ; (iii) lost opportunities; (iv) lost reputation and market share; (v) costs and expenses incurred by Tolko attempting to remediate the Deficiencies … ; and (vi) such further and other damages and losses that shall be proven at trial." The Claim, Para. 44.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 4

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

3.13 At no point does the Claim allege that Tolko sustained property damage attributable to the Insured.

3.14 At no point does the Claim allege that any damage to physical property resulted from actions, inactions, or work attributable to the Insured.

3.15 At no point does Tolko allege that any damage to physical property resulted from the Insured's actions, inactions, product, or work.

## IV.   THE POLICY

4.1 On or about September 1, 2022, Travelers issued Policy Y-630-9P704091-TIL-22 ("the Policy") to Wellons Group, Inc.

4.2 The Policy had a period of coverage from September 1, 2022, to September 1, 2023, at 12:01 A.M. Pacific Standard Time.

4.3 On Page IL F1 18 10 13 of the Policy, the term "Named Insured" is defined to include 24 different entities. The name "Wellons Canada" does not appear on this page.

4.4 At no point in the Policy does the term "Wellons Canada" appear.

4.5 Wellons Canada is not a Named Insured.

4.6 The Policy provides the following coverage:

**SECTION I – COVERAGES – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any such "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 5

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    (2) The "bodily injury" or "property damage" occurs during the policy period;…

  4.7  This coverage is subject to the following exclusions:

  **2. Exclusions**
   This insurance does not apply to:

    **b. Contractual Liability**
     "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
      **(1)** That the insured would have in absence of the contract or agreement…
      **(2)** Assumed by you in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed by you in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured will be deemed to be damages because of "bodily injury" or "property damage", provided that:
       **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed by you in the same "insured contract."

  4.8  The Policy also includes the following definitions:

**SECTION V – DEFINITIONS**

   **4.** "Bodily injury" means:
    **a.** Physical harm, including sickness or disease, sustained by a person; or
    **b.** Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.
    …

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 6

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

**13.** "Insured contract" means:

…

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury", "property damage", or "personal injury" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

…

**23.** "Property damage" means:
**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or
**b.** Loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the "occurrence" that caused it.

4.9    The Claim is not covered as to Wellons Canada because it is not insured under the Policy.

4.10    The Claim is not covered because there is no allegation of bodily injury or property damage for which the Insured has legal liability.

4.11    The Claim is not covered because the Claim triggers an Exclusion.

## V.    COUNT ONE:

**No Coverage Exists as the Policy Excludes Loss or Damage for Contractual Liability**

5.1    Travelers incorporates, as though fully laid out herein, all of the preceding paragraphs.

5.2    The Claim seeks damages from the Insured under the terms of the Performance Guarantee, in which the Insured agreed to pay for loss or damage related to the System.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 7

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

5.3 Form CGT100 of the Policy excludes coverage for claims for which the Insured has assumed an obligation to pay.

5.4 The Claim does not allege that the Insured has an obligation to pay Tolko's damages other than per the terms of the Agreement.

5.5 The allegations of the Claim trigger the Contractual Liability Exclusion, and therefore the Claim is not covered.

5.6 An actual and present controversy exists between the parties as to the scope of Travelers' obligation, if any, to defend and indemnify the Insured against the Claim.

5.7 Travelers requests a ruling form this Court asserting that Travelers has no duty to indemnify or defend any party to the Claim, as the Claim is subject to an exclusion.

## VI. COUNT TWO

**No Coverage Exists Because The Claim Does Not Allege Bodily Injury or Property Damage Caused by the Insured**

6.1 Travelers incorporates, as though fully laid out herein, all of the preceding paragraphs.

6.2 Form CG T1 00 02 19 ("Form CGT100) of the Policy provides coverage for the Insured's legal liability for "property damage" and "bodily injury," subject to the definitions and exclusions related to the same.

6.3 Tolko's Claim fails to allege that the Insured caused bodily injury or property damage within the meaning of the Policy.

6.4 Because there is no allegation that the Insured caused bodily injury or property damage within the meaning of the Policy in the Claim, the Claim is not covered.

6.5 Alternatively, the Claim does not allege bodily injury or property damage caused by an "occurrence," as defined therein.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 8

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

6.5     An actual and present controversy exists between the parties as to the scope of Travelers' obligation, if any, to defend and indemnify the Insured against the Claim.

6.6     Travelers requests a ruling form this Court asserting that Travelers has no duty to defend or indemnify the Insured against the Claim.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Travelers respectfully requests this Court to:

a.   Take jurisdiction over this matter;

b.   Find and declare Travelers has no obligation under the Policy to defend, and, in turn, indemnify the Insured against the Claim because it fails to allege any act which would be covered under the Policy;

c.   Find and declare Travelers has no obligation under the Policy to defend, and, in turn indemnify the Insured against the Claim on the basis that the Claim is subject to an exclusion and therefore is not covered; and

d.   Enter all orders and render supplemental relief as is necessary and reasonable to enforce Travelers' rights.

DATED this 23rd day of July, 2025.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: *s/Rachel Tallon Reynolds*
Rachel Tallon Reynolds, WSBA #38750
By: *s/Patrick G. Lynch*
Patrick Lynch, WSBA #53147
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5900 (main)
(206) 709-5901 (fax)
Rachel.t.reynolds@wilsonelser.com

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S COMPLAINT FOR DECLARATORY JUDGMENT – 9

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Patrick.lynch@wilsonelser.com
Attorneys for Travelers Property
Casualty Company of America

TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA'S COMPLAINT FOR DECLARATORY
JUDGMENT – 10

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
520 PIKE STREET, SUITE 2350
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)